IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01500-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

MONTE CANTU,
DAVID B. HOECK,
VAN DALE TAYLOR,
SAMUEL SALAZAR,
JEFFRY D. WATSON,
PATRICK MURPHY,
ANDREW BARCELONA,
JOE LOVATO,
RIGOBERTO SANCHEZ,
JEFFERSON ALLEN,
DANIEL VIGIL,
DONNIE CAIN,
GEORGE WHITE, and
ANTHONY KING,

    Plaintiffs,

v.

EXECUTIVE DIRECTOR OF CDOC,
RAE TIMME,
JUSTIN MCBRIDE,
BENJAMIN THIEL,
RODNEY ACHEN,
BERNARD CANTIN,
LEONARD VIGIL,
TOM JORDAN,
JERI ALTMAN,
TERRI HARDING,
AUDRA DE SANTOS,
MARK BUTTONS,
CARL WILLIAMS,
SHANNA RICHARDSON,
PAMELA BENTLEY,
DAVID BERGMAN,
CHRISTINA SMITH,
LAURA BUFFMACK,
SCOTT LANCASTER, and

LANCE MIKLICH,

     Defendants.

---

ORDER DENYING PERMISSIVE JOINDER,
DISMISSING PLAINTIFFS OTHER THAN MONTE CANTU,
AND DIRECTING PLAINTIFF CANTU TO CURE DEFICIENCIES

---

     Plaintiff, Monte Cantu, and thirteen other Plaintiffs, all of whom are in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) in Cañón City, Colorado, have filed a Prisoner Complaint. Plaintiffs claim, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, that their constitutional rights were violated when they were terminated from their prison work assignments and prison employment programs and subjected to disciplinary action. The Plaintiffs seeks monetary and injunctive relief. Each Plaintiff has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

**I. Joinder of Plaintiffs**

     In ***United Mine Workers of America v. Gibbs***, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). Consistent with this policy, Fed. R. Civ. P 20(a), which provides for the joinder of parties,[1] should be liberally construed in the interest of convenience and judicial

---

[1]Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;

2

economy. **Swan v. Ray**, 293 F.3d 1252, 1253 (11th Cir. 2002). Notwithstanding the liberal application of Rule 20, unrelated claims and defendants should not be joined in a single lawsuit. **See, e.g., George v. Smith**, 507 F.3d 605, 607 (7th Cir. 2007); **Coughlin v. Rogers**, 130 F.3d 1348, 1350-51 (9th Cir. 1997). Similarly, a multiple plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background, giving rise to the joint cause of action. **Coughlin**, 130 F.3d at1350; **Abdelkarim v. Gonzales**, No. 06-14436, 2007 WL 1284924, *4-5 (E.D.Mich. Apr.30, 2007). In the case of improvident joinder, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

The Complaint in this action is brought by fourteen Plaintiffs and comprises more than one lawsuit. Each Plaintiff's claim is based on factual allegations different from those alleged by the other Plaintiffs, and each claim is asserted against different Defendants. No two claims arise out of the same factual allegations. In short, the Complaint fails to satisfy the requirement of Rule 20(a) that the Plaintiffs assert a right to relief arising out of the same transaction or occurrence.

Furthermore, many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). **Boretsky v. Corzine**, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting

---

and,

(B) any question of law or fact common to all plaintiffs will arise in the action.

cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* It is not clear whether this will be a factor here, as the Plaintiffs allege that they are all incarcerated at CTCF. Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs. Coordination would be hampered by restrictions on interpersonal communication within a prison facility. **See generally Shaw v. Murphy**, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be problematic when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory. Inmates are released or transferred within the DOC, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. **See Turner v. Safley**, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

The Court finds the reasoning of these cases persuasive and will therefore dismiss the thirteen Plaintiffs other than Mr. Cantu. The dismissal will be without

4

prejudice. Any dismissed Plaintiff who wishes to pursue his claims may initiate a separate, individual action by filing a Prisoner Complaint on the Court-approved form and either paying the $350.00 filing fee, plus a $50.00 administrative fee, or submitting a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. The clerk of the Court will be directed to mail to each dismissed Plaintiff a copy of this Order. Each separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.

## II.  Order to Cure Deficiencies

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order. Mr. Cantu will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Cantu files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) __ is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing:
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ other:

**Complaint, Petition or Application**:
(10) __ is not submitted
(11) __ is not on proper form (must use the court's current form)
(12) __ is missing an original signature by the prisoner

(13) ___   is missing page nos. ___
(14) ___   uses et al. instead of listing all parties in caption
(15) ___   names in caption do not match names in text
(16) ___   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_   other: <u>Complaint must be submitted on court-approved Prisoner Complaint form and contain only those allegations and claims pertaining to Mr. Cantu.</u>

Accordingly, it is

ORDERED that the Court denies joinder in this action, dismisses without prejudice all Plaintiffs except the first named Plaintiff, Monte Cantu, and allows the dismissed Plaintiffs to initiate separate, individual actions, if they choose. It is

FURTHER ORDERED that the clerk of the Court shall mail to each dismissed Plaintiff a copy of this order. Each dismissed Plaintiff may obtain a copy of the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Plaintiff, Monte Cantu, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff Cantu shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff Cantu fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED June 14, 2013, at Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court